UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11996-GAO

MICHAEL J. HEALY,
Plaintiff,

v.

U.S. BANK N.A. as TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,
Defendant.

OPINION AND ORDER
September 25, 2017

O'TOOLE, D.J.

The plaintiff, Michael J. Healy, proceeding *pro se*, filed suit against the defendant, U.S. Bank N.A. as Trustee for LSF9 Master Participation Trust, after the defendant initiated foreclosure proceedings on the mortgage on property located in South Yarmouth, Massachusetts. He filed his complaint in the Barnstable County Superior Court on September 23, 2016, asserting a variety of arguments against the foreclosure, and requested on an emergency basis an order to prevent the defendant from conducting a foreclosure sale of the property. On September 26, a state court judge issued a temporary restraining order suspending the scheduled foreclosure sale pending further order of the court, and set a hearing on a preliminary injunction for October 6.

On October 4, the defendant removed the case to this Court pursuant to 28 U.S.C. § 1332. This Court scheduled a hearing on the plaintiff's motion for October 13. A few hours before the hearing, the defendant electronically filed its opposition to the plaintiff's motion, together with 120 pages of supporting documents. In light of the volume and timing of the defendant's submission, the Court heard only brief argument at the scheduled hearing and permitted the plaintiff additional time to respond in writing to the defendant's opposition. The Court also

permitted the defendant to file a sur-reply. After a series of requests for continuances by both sides, the plaintiff's motion was fully briefed as of November 23.

On December 12, prior to the Court's resolution on the pending motion for injunctive relief and before any discovery scheduling order had been entered, the defendant moved for summary judgment. The plaintiff opposed the motion and ultimately also moved for summary judgment. His motion was not accompanied by a memorandum in support or statement of material facts. He subsequently filed a document entitled "Complaint" which the defendant moved to strike.

**I.    Request for Preliminary Injunctive Relief**

In order to obtain a preliminary injunction, the plaintiff bears the burden of demonstrating that the familiar four factors weigh in his favor: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions; and (4) the effect—if any—of the court's ruling on the public interest. See Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) (citations omitted). Of these factors, the likelihood of success on the merits "normally weighs the heaviest on the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009) (citing Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 115 (1st Cir. 2006)).

Here, the plaintiff's motion fails largely because he has not demonstrated a likelihood of success on the merits. The plaintiff's primary contention is that the defendant lacks legal authority to foreclose because the note and mortgage were separated through various assignments. First, as long as an assignment comported with the requirements of Massachusetts General Laws ch. 183, § 54B, the assignment is otherwise effective to pass legal title and generally cannot be shown to be void. Bank of New York Mellon Corp. v. Wain, 11 N.E.3d 633, 638 (Mass. App. Ct. 2014). Additionally, in Massachusetts, "[a] mortgage can be split from its underlying note, so long as the

2

two are held by the same foreclosing party at the time of foreclosure." Lackei v. Deutsche Bank Nat'l Trust Co., No. 15-30121-MGM, 2016 WL 4076830, at *3 (D. Mass. July 29, 2016) (quoting Aragao v. Mortg. Elec. Registration Sys., Inc., 22 F. Supp. 3d 133, 139 (D. Mass. 2014); accord Foregger v. Residential Credit Sols., Inc., No. CIV.A. 12-11914-FDS, 2013 WL 3208596, at *5 (D. Mass. June 21, 2013) (citing Eaton v. Fed. Nat'l Mortg. Assoc., 969 N.E. 1118, 1125 (Mass. 2012) and Culhane v. Aurora Loan Servs., 708 F.3d 282, 292–93 (1st Cir. 2013)).

In light of these principles, the plaintiff has not at this point shown a reasonable likelihood of success on the merits of his claims, and his request for preliminary injunctive relief (dkt. no. 9 at 56–63) is therefore DENIED.

## II.  Cross-Motions for Summary Judgment

The First Circuit has cautioned district courts to "refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery." Velez v. Awning Windows, Inc., 375 F.3d 35, 39 (1st Cir. 2009) (citations omitted). "It follows that when a party moves for summary judgment, the opposing party must be afforded a fair chance to obtain and synthesize available information before being required to file an opposition." Id. When confronted with a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, a party who needs additional time for discovery may invoke Rule 56(d)[1] or "its functional equivalent." Id. 39–40. The rule "serves a valuable purpose" in that it "protects a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion." Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.,

---

[1] Some cases cited herein describe 56(f), the predecessor to Rule 56(d). Because the "textual differences between current Rule 56(d) and former Rule 56(f) are purely stylistic," the "case law developed under former Rule 56(f) remains controlling." In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 n.2 (1st Cir. 2014) (citations omitted).

3

730 F.3d 23, 28 (1st Cir. 2013) (citation omitted); accord Resolution Tr. Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994) (explaining that the rule is "intended to safeguard against judges swinging the summary judgment axe too hastily") (citation omitted). "Consistent with the salutary purposes underlying" the rule, courts should construe requests "that invoke the rule generously, holding parties to the rule's spirit rather than its letter." In re PHC, Inc. S'holder Litig., 762 F.3d at 143 (quoting Resolution Tr., 22 F.3d at 1203). While the rule provides for various requirements a party opposing summary judgment must proffer in order to gain its benefit—authoritativeness, timeliness, good cause, utility, and materiality—the "requirements are not inflexible and . . . . one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case." Id. (quoting Resolution Tr., 22 F.3d at 1203).

Here, the defendant moved for summary judgment just after briefing on the motion for injunctive relief was complete and before a discovery schedule had entered. In his response, the plaintiff persistently requests, albeit without an affidavit, the opportunity to obtain discovery. He promptly made the request when confronted with the defendant's motion. See Resolution Tr., 22 F.3d at 1203 (noting that the rule "is designed to minister to the vigilant, not to those who slumber upon perceptible rights" (citation omitted)). Although the utility and materiality of discovery may be doubtful, the defendant does repeatedly point to the plaintiff's lack of evidence as support for granting its summary judgment motion. (See, e.g., Def.'s Reply to Pl.'s Opp'n to Mot. for Summ. J. 4 (dkt. no. 39) ("Plaintiff does not allege any facts or *provide any evidence* to support this claim." (emphasis added)); id. ("Plaintiff *offers no evidence* for his conclusory and meritless allegations." (emphasis added)); id. at 6 ("Plaintiff *fails to submit with the Opposition . . . any evidence* to support the allegation . . . ." (emphasis added)).)

In light of the circumstances of this case and the Circuit's direction to construe generously requests made pursuant to Rule 56(d), see In re PHC, Inc. Shareholder Litig., 762 F.3d at 143, I will allow the plaintiff a short period for formal discovery. Consequently, the cross-motions for summary judgment (dkt. nos. 28 and 45) are DENIED without prejudice so as to permit a short period of time for discovery.

### III.    Motion to Strike

The defendant's Amended Motion to Strike (dkt. no. 51) is DENIED as unnecessary.[2] The plaintiff's "Complaint" (dkt. no. 47) was docketed as "Statement of Facts" but appears wholly unrelated to the cross-motions for summary judgment, does not seem to seek to amend the complaint to allege a new count, and requests no specific relief from the Court. Consequently, no action need be taken on the plaintiff's submission. It does not alter the claims of the original pleading.

### IV.    Scheduling Order

The Court enters the following scheduling order:

1. All fact discovery, including any interrogatories, requests for production of documents, requests for admission, and depositions, must be completed by December 31, 2017.

2. Summary judgment motions, if any, must be filed by January 15, 2018. The parties are reminded of the obligation to comply with relevant rules regarding motions and oppositions, including Federal Rule of Civil Procedure 56 and Local Rules 7.1 and 56.1. Specifically, the parties are reminded that no motion may be filed without

---

[2] The defendant's original Motion to Strike (dkt. no. 48) is MOOT in light of the filing of the amended motion.

certification that the parties have conferred and have attempted in good faith to resolve or narrow the issue. L.R. 7.1(a)(2); see also L.R. 37.1 (regarding discovery disputes). It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>
United States District Judge