UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11996-GAO

MICHAEL J. HEALY,
Plaintiff,

v.

U.S. BANK, N.A., as TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,
Defendant.

OPINION AND ORDER
August 3, 2018

O'TOOLE, D.J.

The plaintiff, Michael J. Healy, proceeding pro se, sued the defendant, U.S. Bank N.A. as Trustee for LSF9 Master Participation Trust, after the bank initiated mortgage foreclosure proceedings on Healy's property in South Yarmouth, Massachusetts. Healy asserts claims for wrongful foreclosure, predatory lending, fraud and negligence, and violation of Massachusetts General Laws Chapter 93A.

Pending before the Court are renewed cross-motions for summary judgment. The Court denied earlier cross-motions for summary judgment without prejudice in order to permit a short period of time for discovery, scheduled to be completed by December 31, 2017. (Op. & Order, Sept. 25, 2017 (dkt. no. 53).) No discovery occurred; the plaintiff did not serve any discovery requests until December 31, 2017 at 9:36 p.m., when he filed them electronically.[1]

---

[1] U.S. Bank has also moved for a protective order relieving it of any obligation to respond to Healy's discovery requests on the grounds that they were untimely.

**I.  Facts**

The following facts are not disputed for the purposes of the motions.[2] In purchasing the property at 44 Bernard Street in South Yarmouth, Massachusetts, the plaintiff executed a loan agreement with Washington Mutual Bank, FA on March 5, 2004, for the principal amount of $200,000 with an adjustable annual interest rate starting at 4.875%. (Def.'s Statement of Facts at ¶ 1 (dkt. no. 30).) The note was endorsed in blank. (Id.) To secure payment on the note, the plaintiff at the same time executed a mortgage encumbering the property at 44 Bernard Street in favor of Washington Mutual. (Id. ¶ 3.) The mortgage was recorded at Book 18300, Page 313 in the Registry of Deeds for Barnstable County. (Id. ¶¶ 4, 6.)

The defendant became the holder of the mortgage through a series of assignments. (Id. at ¶ 7.) The Federal Deposit Insurance Corporation, in its capacity as receiver for the then failed Washington Mutual, transferred the mortgage to JPMorgan Chase Bank, N.A. on August 23, 2013. (Id.) This assignment was recorded at Book 27670, Page 49 in the Registry of Deeds for Barnstable County. (Id.) Shortly thereafter, the plaintiff defaulted on the loan by failing to make his scheduled payment on or about December 1, 2013. (Id. ¶ 9.) Chase later assigned the mortgage to the defendant on December 23, 2014, recorded at Book 28794, Page 146. (Id.) The defendant has been in possession of the note since September 30, 2014. (Id. ¶ 8.) On April 11, 2016, U.S. Bank sent a Notice of Intent to Foreclose to the plaintiff. (Id. ¶ 11.)

---

[2] Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, the Court considers undisputed all properly supported assertions of fact that the other party fails to properly address. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

**II.     Discovery Requests**

As an initial matter, the plaintiff's discovery requests, served after the close of business on the last day of the scheduled fact discovery period, were untimely. The Court was clear in its earlier Order that there was to be a "short period" for formal discovery and that "[a]ll fact discovery, including any interrogatories, requests for production of documents, requests for admission, and depositions, must be *completed* by December 31, 2017." See Op. & Order, Sept. 25, 2017 (emphasis added). Accordingly, the defendant's motion for a protective order excusing it from responding to the late request is GRANTED.

**III.    Cross-Motions for Summary Judgment**

Shortly after the passage of the discovery deadline, both parties filed renewed motions for summary judgment. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (citing Fed. R. Civ. P. 56(c)). Cross-motions do not alter the Rule 56 standard, nor do they necessarily warrant the grant of summary judgment for either movant. Wightman v. Springfield Terminal Ry. Co., 100 F.3d 228, 230 (1st Cir. 1996). A court must determine whether either party deserves judgment as a matter of law on facts that are not disputed. Id.

    A.    Defendant's Motion

U.S. Bank seeks summary judgment in its favor on each of the plaintiff's claims.

        *i.    Wrongful Foreclosure*

The plaintiff's primary claim for wrongful foreclosure is based on two underlying theories. First, Healy contends that U.S. Bank lacks legal authority to foreclose because the chain of title

was compromised when the note and mortgage were separated. Second, he suggests that the transfers of the mortgage were invalid.

Regarding the first theory, the prior separation of the note and mortgage does not undermine U.S. Bank's legal authority to foreclose. See Culhane v. Aurora Loan Servs., 708 F.3d 282, 292 (1st Cir. 2013). It is well established that Massachusetts law allows a mortgage to be separated from its underlying note, so long as the note and mortgage are unified when foreclosure proceedings are initiated. See id. at 288, 292; Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1125, 1128–29 (Mass. 2012). The record establishes that the defendant was in possession of both the note and mortgage when it initiated foreclosure proceedings. "Where the note and mortgage are unified at the time of foreclosure, our inquiry may come to an end." See Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 356 & n.7 (1st Cir. 2013).

As for Healy's second theory of invalid mortgage transfers, the undisputed facts indicate that the mortgage was transferred from Washington Mutual to JPMorgan Chase via the FDIC[3] and ultimately to U.S. Bank. The plaintiff has provided no reason to question the validity of those assignments. Where the defendant can establish its chain of title, as is the case here, no further proof is required. See Carver v. Bank of N.Y. Mellon, No. 13-10005-MLW, 2014 WL 6983431, at *6 (D. Mass. 2014). Moreover, Healy "has no legally cognizable stake in whether there otherwise might be latent defects in the assignment process." See Bank of N.Y. Mellon Corp. v. Wain, 11 N.E.3d 633, 638 (Mass. App. Ct. 2014). To the extent Healy attempts to allege that these documents are invalid because they are not the "wet ink" originals, they utilized "robo-signing,"

---

[3] The First Circuit and the District of Massachusetts have repeatedly accepted the validity of the transfer of Washington Mutual's assets to the FDIC and subsequently to JPMorgan Chase. See, e.g., Demelo v. U.S. Bank Nat'l Ass'n, 727 F.3d 117, 125 (1st Cir. 2013) (explaining that FDIC was empowered by federal law to transfer any asset or liability of failed bank without approval, assignment, or consent); Sampson v. U.S. Bank N.A., 115 F. Supp. 3d 191, 194 (D. Mass. 2015).

or they are otherwise defective, he lacks standing to make such arguments because U.S. Bank has satisfied the statutory requirements governing the assignment of mortgages. Even if there were any latent problems, they would merely render the assignments voidable, not void. See id. at 639.

Because it is factually undisputed that the note and mortgage were rejoined before the defendant initiated foreclosure proceedings and that all transfers of the interest were validly made, no reasonable jury could find that the U.S. Bank is not entitled to foreclose. Summary judgment for U.S. Bank is therefore appropriate on Healy's claim of wrongful foreclosure.

### ii. *Predatory Lending*

Healy also contends that he is a victim of predatory lending practices by the defendant. He alleges that lenders artificially inflated the home's value by misrepresenting the layout of the property.

However, U.S. Bank cannot be held liable for any such misrepresentation because it was not the original lender and had no part in the original loan. See Serra v. Quantum Servicing Corp., 747 F.3d 37, 41 (1st Cir. 2014); Drakopoulos v. U.S. Bank Nat'l Ass'n, 991 N.E.2d 1086, 1095 n.16 (Mass. 2013) ("Where an assignee played no part in the unfair or deceptive acts of an assignor, principles of assignee liability ordinarily will not render the assignee liable for affirmative damages for those acts."). Additionally, any claim based on the origination of the mortgage is clearly time-barred. See Da Silva v. U.S. Bank, N.A., 885 F. Supp. 2d 500, 504 (D. Mass. 2012) (explaining statutes of limitation for various state and federal claims regarding predatory home loan practices).

The plaintiff's other theories do not involve the initial mortgage agreement, but they fail for different reasons. To the extent that the loan modification discussions can be attributed to the defendant, U.S. Bank had no duty to negotiate for loan modification with Healy because he was already in default when it took possession of the mortgage. See MacKenzie v. Flagstar Bank, FSB,

738 F.3d 486, 493 (1st Cir. 2013); see also Figueroa v. Fed. Nat'l Mortg. Ass'n, No. 15-13858-RGS, 2013 WL 2244348, at *4 (D. Mass. May 20, 2013) (finding no abuse of loan modification process where plaintiff alleged only that she applied for loan modification and foreclosure proceeded while that application was pending). Proceeding with foreclosure after Healy had applied for a loan modification does not breach a mortgagee's duty of good faith and reasonable diligence. See Figueroa, 2013 WL 2244348, at *2.

The plaintiff fails to show the existence of a triable issue regarding the defendant's dealings with him, and U.S. Bank is entitled to judgment as a matter of law.

### iii. *Fraud and Negligence*

The plaintiff also complains, albeit with little specificity, of fraud and negligence. These allegations, which appear to overlap with the predatory lending claim, similarly cannot survive the defendant's summary judgment motion. Healy has at no point articulated the elements necessary to support such claims, nor has he advanced any evidence that might suggest a triable issue of fact.

### iv. *Unfair or deceptive practices in violation of Massachusetts General Laws Chapter 93A*

Finally, Healy alleges the defendant engaged in unfair and deceptive practices in violation of Chapter 93A. Here, U.S. Bank is entitled to judgment as a matter of law because the plaintiff failed to meet the procedural requirement of serving a demand letter before asserting the claim in litigation. See McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 217–18 (1st Cir. 2012). The requirement "is not merely a procedural nicety, but, rather, a prerequisite to suit." Id. In addition to this procedural shortcoming, the plaintiff has not advanced any factual support for his claim to permit it to survive summary judgment. There is no evidence in the record that would allow a reasonable jury to find a violation of Chapter 93A.

Finding that U.S. Bank is entitled to judgment as a matter of law on all claims, the defendant's renewed motion for summary judgment is GRANTED.

B. Plaintiff's Motion

In light of the foregoing, the plaintiff's motion for summary judgment is correspondingly DENIED. Healy falls well short of demonstrating that he is entitled to judgment as a matter of law; his renewed motion for summary judgment presents no relevant facts and advances no legal arguments. The plaintiff's "global assertion that [he] is entitled to summary judgment on all claims" fails to "sufficiently specify the basis for summary judgment." See HMC Assets, LLC v. Conley, No. 14-10321-MBB, 2016 WL 4443152, at *22 (D. Mass. Aug. 22, 2016).

**IV. Conclusion**

For the reasons stated herein, the defendant's Motion for Summary Judgment (dkt. no. 70) and Motion for a Protective Order (dkt. no. 72) are GRANTED. The plaintiff's Motion for Summary Judgment (dkt. no. 74) is DENIED. Judgment shall enter in favor of the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge